## Philadelphia, Appellant, *v.* Milligan.

*Municipal liens—City solicitor's commissions—Act of March 23, 1866.*

Under the act of March 23, 1866, P. L. 303, which provides that the city
solicitor shall receive five per cent upon mutual claims, " to reimburse him
for carrying into effect the provisions of this act," the five per cent commissions cannot be collected from the property owner unless the city solicitor
has taken steps to find the owner and serve him with notice to make payment,
in the manner prescribed by the act. The ordinance of 1882 providing
that the five per cent in question should be paid into the city treasury, can
make no difference in the construction of the act.                    /

. Argued Jan. 18, 1892. Appeal, No. 306, Jan. T., 1892, by
plaintiff, from judgment of C. P. No. 4, Dec. T., 1888, No. 130,
M. L. D., for defendant, William Milligan, on case stated. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Case stated on a municipal claim. From the record it appeared that on Dec. 5, 1888, the city of Philadelphia filed a
municipal claim against the property of the defendant for $560,
for water pipe.

The case stated was as follows :

" The parties hereto agree upon the following facts : No steps
under the act of March 23, 1866, have been taken in this case.

" Prior to the signing of the amicable sci. fa. defendant tendered the whole amount due under the proceedings, excepting
the five per cent provided by the said act of March 23, 1866.
It was claimed on behalf of plaintiff and denied by defendant
that the said five per cent was due. The said agreement for
amicable sci. fa. and this case stated were made for the purpose
of presenting to the court for its decision the question so arising.

" If the court is of the opinion that the said commission of
five per cent was due at the time of the said tender, then judgment shall be entered for the plaintiff in the sum of $658.82.

" If the court is of the contrary opinion then judgment for
plaintiff shall be in the sum of $630.52."

The court entered judgment for plaintiff for $630.52.

*Error assigned* was the entry of judgment for $630.52 instead
of $658.82.

*E. Spencer Miller*, assistant city solicitor, *Charles F. Warwick*, city solicitor with him, for appellant.

*David Jay Myer, Jr.*, with him *Leon H. Folz*, for appellee.

PER CURIAM, February 1, 1892.

The object of the act of March 23, 1866, P. L. 303, sufficiently appears in the preamble, which recites that " frequent and just complaints have been made, that great expenses are imposed upon the owners of real estate in the city of Philadelphia, by the necessary costs of advertising municipal claims before suit brought, as required by existing laws, and that great injustice is frequently done to the owners of property liened by the city, who are ignorant of the existence of claims against the same, by the accumulation of the costs thereon, and by selling said properties without actual notice to them." The 1st section of the act then provides that, in lieu of the advertisement heretofore required, and as a sufficient substitute therefor, that, before any scire facias shall be issued on such claim, it shall be the duty of the city solicitor to cause diligent search to be made, by an assistant or clerk, for the owners or reputed owners of all real estate, against which there has heretofore been, or may hereafter be, filed, any claim in the name of the city, of every kind, and to serve him, or her, with a written or printed notice to make payment to the city solicitor within ten days.

The 2d section of the act provides, inter alia, that " there should be paid to the city solicitor, as costs, five per cent upon said claims, to reimburse him for carrying into effect the provisions of this act, which per cent shall be in lieu of all costs, heretofore and now chargeable for advertising claims and liens, before suing them out," etc.

From the statement of facts agreed upon, it appears that " no steps, under the act of March 23, 1866, have been taken in this case." We are of opinion that the five per cent which the act in question allows to be added to such claims was intended as a compensation to the city solicitor for the additional labor imposed upon him by the act. That it is now paid into the city treasury, by virtue of the ordinance of 1882, can make no difference in the construction of the act. Where no steps have been taken, and no duties performed by that officer, in a given case, we are unable to see why the owner, against whose prop-

erty the lien is filed, should have five per cent added to the claim. In this instance, the defendant tendered the whole amount due, excepting the five per cent in question, before any proceedings were commenced against him. He was, therefore, in no default, and the city solicitor has earned no fee. The case bears a close analogy to the provision which is sometimes inserted in bonds, and other money obligations, for a five per cent attorney fee, to be recovered by the creditor. We have repeatedly held, in this class of cases, that, where no steps have been taken for the collection of the money, and the debtor has paid voluntarily, or at maturity, the creditor was not entitled to recover such fee. It is only when he is compelled to employ and pay counsel that such a provision can be enforced against a defendant. And even then, it is within the equity power of the court to control the amount, and prevent injustice.

Judgment affirmed.